**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00262-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. FRANCISCO ORNELAS-CAMACHO,
    a/k/a Francisco Ornelas,

    Defendant.

## ORDER GRANTING EXCLUSION OF TIME FOR SPEEDY TRIAL

**Blackburn, J.**

The matter before me is defendant's oral motion to exclude additional time from the computation of speedy trial in this case. The oral motion was made at a status conference held on November 19, 2010. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the status conference.

In determining a request to continue a trial, the Tenth Circuit has established the following relevant factors:

> [1)]the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] [4] the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States*

***v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The fourth and final factor is "by far the most important."  ***Id.*** at 1476.  I have considered carefully each of these factors and find that on balance they continue to weigh heavily in favor of a further continuance of the trial.

Defendant's motion implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the request implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  ***See*** 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  ***See*** 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh

2

the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. **Id.** at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." **Id.,** § 3161(h)(7)(A).  Although my

3

findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting *Doran*, 882 F.2d at 1516).  I have discharged these duties.

The defendant's motion is unopposed, and, therefore, the various averments of fact stated by defense counsel at the November 19, 2010, status conference have been essentially confessed by the government.  Thus, those foundational and predicate facts are deemed established, and I need not reiterate them here.  I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on November 19, 2010.

Defense counsel has been working diligently to complete his investigation in this matter.  However, an investigation concerning certain police officers who may be relevant to this case is ongoing and reasonably is expected to continue for another 60 days.  Given that circumstance, and the need for counsel to analyze the results of this investigation once it is completed, I conclude that the oral request to continue is reasonable and justified in light of the evolution of pretrial preparation in this case; thus, I adopt and incorporate the parties' representations regarding the necessity for the exclusion of additional time.  At the hearing on November 19, 2010, the court and counsel analyzed and determined together in a reticulated way the time reasonably necessary to complete the defendant's investigation of this case.  That analysis and the resultant determinations and deadlines are incorporated by reference.

I relied on the considerable professional experience and judgment of counsel

in fashioning a reasonable pretrial scheduling order.  Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *Bloate v. United States*, – U.S. –, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010).

      Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and the time excluded from the speedy trial calculation in my order [#48] filed September 16, 2010.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

      (1)  That failure to exclude additional time under the Act and grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

      (2)  That even considering due diligence, failure to grant the request would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

      (3)  That an additional sixty (60) days from December 14, 2010, should be excluded from the computation of a speedy trial under the Act; and

      (4)  That, therefore, the ends of justice served by granting the request continue to outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's oral motion to exclude additional time from the computation of speedy trial, as made at the status conference held on November 19, 2010, is **GRANTED**;

2.  That an additional **sixty (60) days** from December 14, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

3.  That a status conference is **SCHEDULED** for **Friday, January 14, 2011**, at **1:15 p.m.** (MST);

4.  That at the January 14, 2011, status conference the court will consider. *inter alia*, the imposition of a deadline for the filing of non-CJA pretrial motions and the setting of a Trial Preparation Conference and trial; and

5. That the **Trial Preparation Conference Order** [#10], entered July 22, 2010, and the **Order Granting Exclusion of Time for Speedy Trial** [#48] entered September 16, 2010, are **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

Done in chambers November 24, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench following the status conference on November 19, 2010.

                                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge